Good morning. Our third case today is Enray the Commitment of Kevin Stanbridge. Let's see, Attorney Beer is here on behalf of the petitioner, let's say. How do you refer to him in this situation? Respondent. Okay, he's the respondent. And let's see, Attorney Schweppenbach is appearing on behalf of the state of Illinois. All right, Ms. Beer? May it please the court, Mr. Schweppenbach, Mr. Esenwick, Mr. Stanbridge is here asking this court for a probable cause hearing, a real probable cause hearing. Were you convinced, at least one of us in the past, Ms. Beer, that that didn't work out so well? Namely, convince me and the Supreme Court said, essentially, Steigman, what are you thinking? I didn't read that. You didn't read it that way. I did not read it that way at all. Okay. In that situation, filed under a statute that no longer exists, where there was no issue of whether or not Mr. Stanbridge was still an SVP, it was an issue of competing experts. And we don't have that situation. What we are looking at and what I am trying to unravel on behalf of Mr. Stanbridge is the procedure for when a person does file a petition for discharge under Section 65B1 and what that probable cause hearing is and what should happen at that. And for me, it is an ambiguous statute. It's difficult for me to read and there seems to be a lot of unraveling that I do. For instance, when you have in the middle of that statute, there's a whole block that's bookended by the petitioner, or I'm sorry, the respondent's waiver of a right to petition, where it begins that the person does not affirmatively waive the right to petition. And then there's a number of sentences, a number of lines. And then it goes on to talk about the situation if the person does not file a petition, yet fails to waive. I'm not quite sure what the difference is between affirmatively not waiving and failing to waive. They seem to be the same thing. And yet I wonder then, they must mean something. And so in order to determine what those things mean, I think you look at what's going on in the middle between those two sentences about the respondent's waiver of his right to petition. And then you start with the sentence that begins, however, if a person has previously filed a petition for discharge without the secretary's approval, and the court determined either upon review of the petition or following a hearing that the person's petition was frivolous or that the person was still a sexually violent person, then the court shall deny any subsequent petition under the section without a hearing unless the petition contains facts upon which a court could reasonably find the condition of the person as so changed that a hearing was warranted. And my question is, what kind of hearing are they asking for here? Is this referring to a probable cause hearing or the section B-2 hearing? And it continues to be ambiguous. I think regardless of what you decide, whether or not the hearing refers to a probable cause hearing or the section B-2 hearing. Because if you read it to say, if the court determines following a probable cause hearing that the person's petition is frivolous, then the court shall deny any subsequent petition under the section without a probable cause hearing. That doesn't make sense, I know. It's convoluted. But I think that what we need to realize here is that when the court's talking about a hearing in the section, essentially what they're talking about is the B-2 hearing or the trial. And that this provides that a person who has filed a petition has a right to that probable cause hearing. The real hearing, not the probable cause light that is referred to later on when the court talks about a probable cause hearing and just being a review of the report. I think what the Supreme Court said in Stanbridge is probable cause means probable cause. Whether it's pre-commitment, post-commitment, it's a hearing with evidence. And unless there's some stipulation, at a hearing there is a witness. And in this case it would be Dr. Smith. And the only exception to that probable cause hearing is what I continuously refer to as the probable cause light or review. And since the statute's clear on that part, I think the rest of it has to be clear and that that is the real probable cause hearing with evidence. I think the difference between this case and the case that went up to the Supreme Court is here we are asking for an opportunity to cross-examine Dr. Smith at the real probable cause hearing. Looking into his compliance or conformance with the Sex Offender Management Board requirements. Looking at his diagnosis. The rule-out diagnosis. Strike that because it's not a diagnosis. The rule-out regarding the pedophilia. And then the particular criteria for his diagnosis of paraphilia. Mr. Stanbridge has been given that right to have that probable cause hearing. And he has asked the child court and he's asking this court to be able to exercise that right. Essentially, that's what we're here for. Asking the court for a man for that probable cause hearing. We'd like to be able to argue, send it back down for a hearing on that petition, that jury trial under Section B2, but I think that would be disingenuous although Mr. Stanbridge would like it. What we really are asking is for what the statute provides in an ambiguous, maybe not convoluted, but in a way that really requires some concentration and some picking out what the statute means. When the statute says that... Counsel, the state argues that we don't have jurisdiction to reach the merits of your argument regarding no probable cause determination because the notice of appeal you filed did not specify it. In your reply brief, you don't address that. Yes, I did not file a reply brief, Your Honor. Well, I meant to say you did not file a reply brief. And I caught that the day after I filed my brief. And it occurred to me that there was a waiver. And that I should try to address that as I could. And at the time, that was the best that I thought I could do. I obviously thought that I had committed a waiver. I am not completely persuaded by the ideas or the thoughts that have occurred to me on why that wasn't a waiver. I would submit to the court that what we have here is two separate orders coming out of the same hearing. Addressing pleadings that are intertwined just by their very nature, that report that Dr. Smith prepared and that was eventually filed is what triggers the petition for discharge. That with the same hearing, intertwined pleadings, that the orders then necessarily become intertwined. That it is not the same situation that the state refers to in the cases that it cites where you have years separating the different orders that the appellant's trying to appeal. I think beyond that, though, that there really is not for the court in each jurisdiction. I do believe that if there is a waiver, that that's a limitation on me, but not on the court. And I would ask the court to consider it. I think that even though the Sexually Violent Persons Act has been around for a number of years, it's still complicated, and its execution is difficult and causes problems that need to be resolved. And one problem that continues is the probable cause issue. And what does that statute mean when it says in one place, if a person doesn't affirmatively waive the right to petition, and what does it mean a couple paragraphs down when it talks about the same thing? That in order to avoid continuing stumbling and fumbling in the trial court, that direction and interpretation of what the statute means is necessary, and I think it's necessary to maintain the body of precedent. Even though we don't have a particular body of precedent in this case, we need to develop that. We have a statute that requires the department to file that report, but the department doesn't file the report. The Attorney General's Office does. And it doesn't do it until, in this case, almost five months after the report was prepared. These are things that the state needs to be on top of, the trial courts need to be on top of, and I think that we need clarification here. So for those reasons, either because there really hasn't been a waiver, because it's intertwined, or if there has been a waiver, that the court does have jurisdiction, because if the court's not limited, then it does have authority. If it has authority, that's what I think jurisdiction means. So it's not a jurisdictional issue, it's a waiver issue. I think, finally, I would submit to the court that the trial court did make an error in denying the petition, granting the state's motion to strike, or petition to dismiss, respondent's petition. The changes that Mr. Stanbridge is alleging are the different diagnoses that existed, and the diagnostic criteria for paraphilia, as outlined by Dr. Smith, that the facts are different now than they were in 2007, seven years ago, when Mr. Stanbridge was first found to be a sexually violent person. So we would ask the court to remand for that probable cause hearing. Thank you, Ms. Spear. Mr. Schleppenbach. May it please the court, Assistant Attorney General John Schleppenbach, on behalf of the people of the state of Illinois. Your Honors, this court should dismiss part of this appeal for lack of jurisdiction, because it pertains to an order that was not specified in a timely, valid notice of appeal. To the extent this court has jurisdiction, it should affirm the trial court's determinations, because Respondent failed to meet his burden of showing, in his petition for discharge, facts sufficient to allow the court to reasonably conclude that his condition had so changed, such that he was no longer a sexually violent person. Turning first to the jurisdictional issue, Your Honors, this is a jurisdictional issue. It's not a waiver issue. It's a jurisdictional issue. The Illinois Supreme Court has been clear that the timely filing of a notice of appeal is a jurisdictional prerequisite to appellate jurisdiction. It is not a formality or a technicality. And Illinois Supreme Court Rule 303 requires that that notice of appeal specify the orders or judgments, or the parts thereof, from which appeal is being taken. And so, for that reason, courts, including this one, have concluded that an appellate court obtains appellate jurisdiction only to review those orders, judgments, or the portions thereof specified in a timely, valid notice of appeal. I'd refer this court to the Pupil v. Smith decision from the Illinois Supreme Court in 2008, and to this court's decision in Alpha Gamma Rho from 2001. It's a jurisdictional prerequisite. And although, of course, notices of appeal are liberally construed, they can't be construed so liberally as to identify orders or judgments that they do not identify. And that is exactly what we're dealing with in this case. Any order that is not identified in the notice of appeal, there's no jurisdiction, and the appeal should be dismissed, as the Illinois Supreme Court held in the General Motors Corp. case from 2011. Turning to the notice of appeal in this case, and I'd refer you to C. 1150 in the record for that notice of appeal, it specifies very clearly one order that is the subject of this appeal. That is the August 5, 2013 order Dismissing Respondent's Petition for Discharge. It does not designate any other orders. In particular, it does not designate the separate July 24, 2013 order Granting the People's Motion for Finding a No Probable Cause. It's not designated anywhere in the notice of appeal, not expressly, not by implication, such as by identifying the issues that were resolved in that order or the relief that was sought in it. There is no reference to that order whatsoever. For that reason, appellate jurisdiction is lacking. I would point out that there have been cases where this court has exercised appellate jurisdiction over orders not specified in a timely notice of appeal because it concluded those orders were steps on the way in the procedural progression towards the order that was specified in the notice of appeal. That is not this case. The order on the motion for finding a no probable cause was simply not a step on the way to the order on the petition for discharge. They were two separate requests for relief that were separately briefed, separately argued, and that both the parties and the court recognized as separate when they were before the trial court. And I'd refer you to R2467 and R2471-72 in the record for that recognition. It wasn't until the appeal arose and a respondent realized that he had not appealed perhaps what he would now like to be appealing that these issues crept into the brief and then into the attempt at amending the notice of appeal. But that attempt to amend the notice of appeal is ineffectual and does not grant jurisdiction. That motion was denied. So the notice of appeal was never amended. And it was properly denied because it was outside the time the Illinois Supreme Court Rule 303 allows for amending a notice of appeal. That rule allows 60 days. In this case, it was four months. And it was not until after the brief had been filed, the merits brief addressing issues outside the notice of appeal, outside the court's jurisdiction, the next day the motion to amend was filed. It's not proper. And there's no jurisdiction over those issues. To the extent this court has jurisdiction, and there's no dispute that the court has jurisdiction over the issues related to the petition for discharge, but to the extent that this court finds it has jurisdiction to address the issues in the motion for providing no probable cause, similar reasoning can be applied. Respondent simply failed to meet his verdict. The statute is clear. I don't think the statute is ambiguous on this point. If you look at 725 ILCS 207 backslash 65B1, it says that in a situation where there has been a prior petition for discharge that has been considered on the merits and denied, then the court shall deny any subsequent petition under this section without a hearing unless the petition contains facts that would allow the court to reasonably conclude that respondent's condition had so changed such that he's no longer a sexually violent person. It's exactly the situation that we have here. Respondent has previously filed and had denied two petitions for discharge, at C846 and C978 in this record. In fact, I believe one of them came up through this court on appeal before. This has previously happened, and so the act is clear that in those circumstances, no hearing. I don't think this is a situation where the act is ambiguous. And respondent's argument to the contrary is really based on other language in the statute that he would like us to read to mean it's opposite. But respondent hasn't cited any authority or any canon of construction that tells us that we read statutes to mean they're opposite. It's a rather novel proposition. He's citing to the language that says if a person does not file a petition of discharge, then the hearing shall be limited to only a review of the reexamination reports and arguments on behalf of counsel. So respondent wants us to read that and say, oh, but that must mean the opposite. That if they do, we have to do all this. That's not what the statute says. We don't read statutes to mean they're opposite. And respondent has cited no authority for the proposition that we do. In fact, that language is on its face, inapplicable to the situation, because it deals with respondents who have not filed petitions for discharge. Respondent has filed three that are off record. And so that is why the language I shared with you earlier is the language that applies. That is the language that deals with second and successive petitions. And it is clear that there is to be no hearing. And the reasons for this are simple. That this is an issue that has been litigated. It's an issue that's been previously brought before the court multiple times. And before the trial court is going to expend additional resources on addressing it through a full evidentiary hearing, which is what respondent is requesting, there needs to be some indicia from the pleading, just a pleading standard, that there is something that it is worth having a hearing on. That there is some glimmer of hope that there was a change in condition. And that is what the statute requires, and that is what respondent has failed to show here. And that's sort of where we get into the meat of this dispute. Respondent contends that his condition has changed, pointing to Dr. Smith's re-evaluation report, and particularly his use of the rule-out pedophilia. However, and respondent's argument is that that means he's no longer a pedophile, that that is a change in his condition, and that that is a sufficient change that he's no longer an SVP. All three of those points are incorrect. To start with, the rule-out pedophilia diagnosis is not ruling out the idea that respondent is a pedophile. In fact, it's the opposite. As Dr. Brooker explained at SVP trial, and as the scientific literature tells us, a rule-out diagnosis is employed where there is evidence to suggest a diagnosis, but perhaps not quite enough evidence to give the full diagnosis. It's sort of a half measure. So far from suggesting that respondent is cleared forever of being a pedophile, in fact, it's saying there is evidence that respondent is a pedophile, and it warrants further investigation. That's one. Two, this is not a change in respondent's condition. The rule-out pedophilia diagnosis has been present since the time of the SVP trial, in this case. Dr. Brooker testified at respondent's SVP trial that up to the rule-out pedophilia. That was something that was in each of Dr. Smith's reexamination reports, not just the most recent one. So it is not a change in condition. It is a continuation of the same condition. And in fact, in the Stanbridge matter, the Illinois Supreme Court said that where evidence was something that was, quote, already debated by the experts and testifying in the prior proceeding and rejected by the jury, end quote, that's not evidence for a petition for discharge. That is not evidence supporting probable cause for discharge. It's not a change. It's not a change in condition. Instead, what we look for in a change in condition situation is we look for evidence that respondent has participated in treatment and thereby actually changed his condition. That's not present here. Evidence that there has been a change in the methodology that experts use in assessing a condition. And then that is something that could warrant a change in condition. Those are the sort of things that we're looking for here. We're not looking to re-litigate the issues that have already been litigated. And that's really the cross of the Illinois Supreme Court's previous decision in the Stanbridge matter. Finally, even if the rule-out diagnosis were a change in respondent's condition, it's not a sufficient change to allow the trial court to reasonably conclude that he is no longer a sexually violent person. Because at the same time Dr. Smith used the rule-out pedophilia, he also opined that respondents suffered from paraphilia NOS, which is another mental disorder that the Illinois Supreme Court in the Hardin decision concluded is sufficient to support an SVP finding under the SVP Act. So in light of that, the weight of the evidence would still absolutely demonstrate that a respondent is still a sexually violent person. His condition has not changed such that he is not a sexually violent person. Additionally, Dr. Smith opined in this re-examination report, as he has done in each re-examination report, that respondent is still substantially likely to engage in future acts of sexual violence. And that is really the core of the SVP determination, the core of the concern that motivated the legislature in passing this act. That if respondent is indeed likely to go out and perpetrate future acts of sexual violence, no court could reasonably conclude that he is no longer a sexually violent person based on these facts. And just briefly, I do want to address, respondent had indicated that in the previous Stanbridge matter that the Illinois Supreme Court was somehow suggesting that a full hearing is required for probable cause in discharge cases. That's not the case. In fact, the case as reviewed by the Illinois Supreme Court came to that court on just, and this was an initial petition for discharge, not a successive one, it came to the court on just the reports of experts and the arguments of counsel. There was no full evidentiary hearing in that case. The Illinois Supreme Court did not disapprove of that practice. In fact, it was the court that said, this is fine. That discharge was properly conducted. So, it far comes stating that there should be a full evidentiary hearing in these cases. It in fact, at least tacitly approved the practice of not having a full hearing, even for an initial petition. And again, here, we're dealing with a successive, in fact, a third petition. It's a fourth petition for discharge. It's only the third that was dealt with on its merits. One was withdrawn. So, for those reasons, we would ask that this court affirm the trial court's decision on the merits to the extent it reaches the merits. However, we would urge that this court dismisses the appeal for lack of jurisdiction to the extent it pertains to a order that was not specified in the Notice of Appeal. Thank you. Thank you, counsel. Ms. Beer, any rebuttal? I would assert to the court that that statute is ambiguous, particularly when you have the situation where a person who doesn't waive his rights, doesn't file a petition, has a right to some type of probable cause hearing, which is defined in the statute as a review of the reports, but a person who does file a petition doesn't have that right to a probable cause hearing. In reading through Section 65B1, I think what's clear here is that the legislature wanted to continue to have an annual review or probable cause hearing, and that the probable cause is important. Mr. Stanbridge is not asking for a full evidentiary hearing. He is asking for a full probable cause hearing, a real probable cause hearing. In that first case that went to the Supreme Court, counsel stipulated to the petitions that can happen at a probable cause hearing. But that doesn't mean he doesn't have a right to a hearing where there are witnesses. Witnesses called and witnesses cross-examined. And that's what he's asking here, is for something not the opposite of a probable cause review hearing. The legislature is the one that decided that in that situation it would limit the probable cause hearing. But if the probable cause hearing doesn't have any language that limits it in other places, then it's not a limited probable cause hearing. It's a real probable cause hearing. That's what Mr. Stanbridge is asking for. And I don't think we should have the anomaly where a person who doesn't petition has a right to some kind of probable cause hearing, but a person who does file a petition doesn't have a right to a probable cause hearing. Thank you, counsel. Court will be in recess until this afternoon.